## IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

Wilbert Glover

*Plaintiff-Appellee*,

v.

Richard Rodriguez, et al.

*Defendant-Appellant.*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
District Court No. 19-CV-304
Hon. Nancy E. Brasel

## BRIEF OF APPELLEE

**JOHN J. CHOI**
**RAMSEY COUNTY ATTORNEY**
Robert Roche, Reg. No. 0289589
Assistant County Attorney
121 Seventh Place East, Suite 4500
St. Paul, MN  55101
(651) 266-3230
robert.roche@co.ramsey.mn.us

*Attorneys for Appellant*

**FORSGREN FISHER MᴄCALMONT**
**DᴇMAREA TYSVER LLP**
Virginia R. McCalmont, Reg. No. 0399496
Caitlinrose H. Fisher, Reg. No. 0398358
Capella Tower
225 S. Sixth Street, Suite 1500
Minneapolis, MN  55402
(612) 474-3300
vmccalmont@forsgrenfisher.com
cfisher@forsgrenfisher.com

*Attorneys for Appellee*

**SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT**

Over two decades ago, this Court recognized what should be a non-controversial proposition: "No degree of sexual assault by a[n] . . . officer acting under color of law could ever be proper." *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 796 (8th Cir. 1998). Also more than two decades ago, this Court recognized that sexual assault occurs when an officer touches an unclothed erogenous area for no legitimate reason. *Haberthur v. City of Raymore, Mo.*, 119 F.3d 720, 723 (8th Cir. 1997).

Against the backdrop of this caselaw, Defendant-Appellant Richard Paul conducted a strip search of Plaintiff-Appellee Wilbert Glover, during which he grabbed Glover's penis, squeezed hard, and made a gesture. Officer Paul has provided no explanation for why he would have or could have legitimately squeezed Glover's unclothed genital. Instead, Officer Paul argues that he was not sufficiently on notice that such conduct was unconstitutional. He is wrong. It remains as true today as it did decades ago—sexual assault such as that experienced by Glover is unconstitutional. That principle is clearly established by both Eighth Circuit caselaw and a consistent body of caselaw from this Court's sister circuits.

Glover respectfully requests 20 minutes for oral argument.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .............................................................................................................iv

JURISDICTIONAL STATEMENT.............................................................................................1

STATEMENT OF THE ISSUES..................................................................................................2

INTRODUCTION...............................................................................................................................3

STATEMENT OF THE CASE......................................................................................................4

    A.   Officer Paul forcefully touches Glover's genitals for no penological
        reason ................................................................................................................................4

    B.   The District Court denies Officer Paul summary judgment on the
        basis of qualified immunity ................................................................................5

SUMMARY OF THE ARGUMENT ............................................................................................8

ARGUMENT .......................................................................................................................................10

    I.   Eighth Circuit precedent firmly protects pretrial detainees from
       sexual assault like that experienced by Glover ...........................................12

        A.   It has been clearly established in the Eighth Circuit for
            decades that an officer cannot sexually assault a detainee..........12

        B.   Eighth Circuit precedent establishes that touching an
            unclothed erogenous area constitutes sexual assault ....................17

    II.   Out-of-circuit authority similarly supports the District Court's
        denial of Officer Paul's request for qualified immunity. .........................24

        A.   There is a robust consensus of persuasive authority that
            uninvited and unnecessary touching of a genital area
            constitutes unconstitutional sexual assault.......................................24

        B.   The district court did not err by relying on out-of-circuit
            authority that post-dated the assault .....................................................31

        C.   Courts are not divided over whether grabbing an unclothed
            genital for no penological reason is sexual assault...........................33

CONCLUSION ..................................................................................................................36

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alexander v. Steele County Jail*,
    No. 13-CV-796, 2014 WL 4384452 (D. Minn. Sept. 4, 2014) ............... 22, 35

*Ashcroft v. al-Kidd*,
    563 U.S. 731 (2011) ............................................................................ 22, 31

*Bearchild v. Cobban*,
    947 F.3d 1130 (9th Cir. 2020) ................................................... 14, 28, 32

*Bell v. Neukirch*,
    979 F.3d 594 (8th Cir. 2020) ................................................................. 16

*Berry v. Oswalt*,
    143 F.3d 1127 (8th Cir. 1998) ........................................................ 18, 19

*Berryhill v. Schriro*,
    137 F.3d 1073 (8th Cir. 1998) .................................................... *passim*

*Boddie v. Schneider*,
    105 F.3d 857 (2d Cir. 1997) ......................................................... *passim*

*Bus. Leaders In Christ v. Univ. of Iowa*,
    991 F.3d 969 (8th Cir. 2021) .......................................................... 17, 24

*Camreta v. Greene*,
    563 U.S. 692 (2011) ............................................................................... 22

*Chestnut v. Wallace*,
    947 F.3d 1085 (8th Cir. 2020) .............................................................. 24

*Cole v. Hutchins*,
    959 F.3d 1127 (8th Cir. 2020) .............................................................. 24

*Copeland v. Nunan*,
    250 F.3d 743 (Table), 2001 WL 274738
    (5th Cir. Feb. 21, 2001) (per curiam) ............................................................ 35, 36

*Crawford v. Cuomo,*
    796 F.3d 252 (2d Cir. 2015).............................................................. *passim*

*Davis v. Dawson*,
    33 F.4th 993 (8th Cir. 2022) ...................................................................24

*DeJesus v. Lewis*,
    14 F.4th 1182 (11th Cir. 2021)........................................................ 13, 14, 28, 32

*Dewalt v. Brauner*,
    No. 19-CV-46, 2020 WL 1888796 (E.D. Mo. Apr. 16, 2020).........................35

*Edwards v. Byrd*,
    750 F.3d 728 (8th Cir. 2014)............................................................. *passim*

*Erickson v. Pardus*,
    551 U.S. 89 (2007) ...........................................................................11

*Fontana v. Haskin*,
    262 F.3d 871 (9th Cir. 2001) ..............................................................13

*Freitas v. Ault*,
    109 F.3d 1335 (8th Cir. 1997) .............................................................16

*Graham v. St. Louis Metro. Police Dep't*,
    933 F.3d 1007 (8th Cir. 2019) ..............................................................1

*Green v. Elias*,
    9 F.3d 1551, 1993 WL 432641 (9th Cir. Oct. 26, 1993)................................35

*Haberthur v. City of Raymore, Mo.*,
    119 F.3d 720 (8th Cir. 1997)............................................................ *passim*

*Hawkins v. Holloway*,
    316 F.3d 777 (8th Cir. 2003) ....................................................................... 19, 21, 35

*Hope v. Pelzer*,
    536 U.S. 730 (2002) ........................................................................................ 16

*Howard v. Everett*,
    208 F.3d 218 (Table), 2000 WL 268493
    (8th Cir. Mar. 10, 2000) (per curiam) ...................................................... 21

*Hudson v. McMillian*,
    503 U.S. 1 (1992) ...................................................................................... 15, 32

*Jackson v. Nixon*,
    747 F.3d 537 (8th Cir. 2014) ...................................................................... 11

*Jackson v. Stair*,
    944 F.3d 704 (8th Cir. 2019) ...................................................................... 11

*Joseph v. U.S. Fed. Bureau of Prisons*,
    232 F.3d 901 (Table), 2000 WL 1532783
    (10th Cir. Oct. 16, 2000) (Order and Judgment) .................................... 35

*Kahle v. Leonard*,
    477 F.3d 544 (8th Cir. 2007) ........................................................ 8, 13, 14, 15

*Kingsley v. Hendrickson*,
    576 U.S. 389 (2015) ................................................................................ 15, 16

*Mitchell v. Forsyth*,
    472 U.S. 511 (1985) ........................................................................................ 1

*Montoya v. City of Flandreau*,
    669 F.3d 867 (8th Cir. 2012) .................................................................. 10, 29

*Obiegbu v. Werlinger*,
    581 Fed. Appx. 119 (3d Cir. 2014) (per curiam) .................................... 35

*Ricks v. Shover*,
   891 F.3d 468 (3d Cir. 2018) ............................................................. 15, 32

*Rhoten v. Werholtz*, ers
   243 Fed. Appx. 364 (10th Cir. 2007) ....................................................35

*Rogers v. City of Little Rock, Ark.*,
   152 F.3d 790 (8th Cir. 1998) ........................................................... 13, 14

*Rokusek v. Jansen*,
   899 F.3d 544 (8th Cir. 2018) ................................................................12

*Seltzer-Bey v. Delo*,
   66 F.3d 961 (8th Cir. 1995) .............................................................. 18, 19

*Solomon v. Mich. Dept. of Corrs.*,
   478 Fed. Appx. 318 (6th Cir. 2012) ................................................. 35, 36

*Tarpley v. Stepps*,
   No. 405-CV-573, 2007 WL 844826 (E.D. Mo. Mar. 19, 2007) ..................22

*Turner v. Ark. Ins. Dep't*,
   297 F.3d 751 (8th Cir. 2002) ........................................................... 22, 23

*Tuttle v. Carrol Cnty. Det. Ctr.*,
   500 Fed. Appx. 480 (6th Cir. 2012) ......................................................35

*Ullery v. Bradley*,
   949 F.3d 1282 (10th Cir. 2020) ..................................................27, 28, 32

*Washington v. Hively*,
   695 F.3d 641 (7th Cir. 2012) ....................................................29, 30, 31

*Watson v. Jones*,
   980 F.2d 1165 (8th Cir. 1992) ......................................................... 11, 18

*White v. Pauly*,
   137 S. Ct. 548 (2017) ...........................................................................17

*Williams v. Prudden*,
    67 Fed. Appx. 976 (8th Cir. 2003) .................................................................. *passim*

*Wilson v. Layne*,
    526 U.S. 603 (1999) ........................................................................................... 33

*Wood v. Beauclair*,
    692 F.3d 1041 (9th Cir. 2012) ...................................................................... 29, 32

## Statutes

Prison Rape Elimination Act ("PREA"), 34 U.S.C. § 30301 *et seq.* ............... 3, 26, 27

28 U.S.C. § 1291 ........................................................................................................... 1

28 U.S.C. § 1331 ........................................................................................................... 1

## JURISDICTIONAL STATEMENT

The District Court has federal question jurisdiction under 28 U.S.C. § 1331. The District Court denied Officer Paul's motion for summary judgment in relevant part on July 6, 2022. (ADD.047 [R. Doc. 98 at 13].) Officer Paul filed a timely notice of appeal on August 3, 2022, bringing an interlocutory appeal from the District Court's denial of his motion for summary judgment on the basis of qualified immunity. (Notice of Appeal [R. Doc. 100] (Aug. 3, 2022)); *see Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (holding that "a district court's denial of a claim of qualified immunity . . . is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment").

This Court's jurisdiction over such an interlocutory appeal "is limited to the purely legal issue of whether the facts alleged support a claim of violation of clearly established law." *Graham v. St. Louis Metro. Police Dep't*, 933 F.3d 1007, 1009 (8th Cir. 2019) (quotation omitted). The Court lacks jurisdiction to review arguments "that the plaintiff offered insufficient evidence to create a material issue of fact for trial." *Id.* (quotation omitted).

## STATEMENT OF THE ISSUES

**I.** **Officers may not sexually assault detainees, including by touching genital areas for no penological reason. During a strip search, Officer Richard Paul allegedly grabbed Wilbert Glover's unclothed penis, squeezed hard, and made a gesture. Did the District Court correctly conclude that Officer Paul's alleged conduct violated Glover's clearly established constitutional rights?**

Apposite Authority

- *Haberthur v. City of Raymore, Mo.*, 119 F.3d 720 (8th Cir. 1997)

- *Washington v. Hively*, 695 F.3d 641 (7th Cir. 2012)

- *Crawford v. Cuomo*, 796 F.3d 252 (2d Cir. 2015)

- *Ullery v. Bradley*, 949 F.3d 1282 (10th Cir. 2020)

# INTRODUCTION

Sexual assault is not a part of any legitimate detention or punishment. Yet it has persisted in correctional facilities for years. Both state and federal governments have taken recent measures to address the all-too-common occurrence of carceral sexual assault. States have criminalized the conduct. In 2003, Congress passed the landmark Prison Rape Elimination Act ("PREA"), 34 U.S.C. § 30301 *et seq.* And, most importantly to this appeal, federal courts have repeatedly held that sexual assault violates the constitutional rights of inmates and pretrial detainees to be free from excessive force at the hands of government actors.

Despite these bodies of statutory law and caselaw, Officer Paul argued below and reasserts on appeal that it is not clearly established that a law enforcement officer may not grab and tightly squeeze an unclothed genital for no penological reason. Officer Paul is wrong. Nearly two decades ago, this Court recognized that the touching of an unclothed erogenous and private body part by a state actor amounts to unconstitutional sexual assault. Sexual assault such as that at issue in this case is necessarily unconstitutional excessive force, as it never serves a legitimate government purpose. The District Court correctly concluded that Officer Paul's conduct, if found by a jury, violated Glover's clearly established constitutional rights.

# STATEMENT OF THE CASE

## A. Officer Paul forcefully touches Glover's genitals for no penological reason.

On December 30, 2015, Plaintiff-Appellant Wilbert Glover was a detainee at the Ramsey County Adult Detention Center. In the late morning, Officer Richard Paul made Glover take off his jump suit and conducted a strip search. (APP.007 [R. Doc. 4 at 7].)[1] Glover alleges that during that strip search, Officer Paul sexually assaulted him. Specifically, "[Officer Paul] took his hand and grasp my penis squeeze it hard and gestures." (*Id.*) This sexual abuse is recounted in numerous grievances, the first of which was submitted on December 30, as well as in a sworn complaint. (*See id.*; *see also, e.g.*, APP.028 [R. Doc. 4-1 at 1] (December 30, 2015 grievance stating "Paul #704 grasp my pinis [sic] squeeze it hard"); APP.038 [R. Doc. 4-1 at 11] ("It have been 3 month's sherff [sic] officer has made sexual gestures and grasp my pinis [sic]").)

Glover has been clear that what happened to him was sexual assault. He made a "health care request for mential [sic] health for emotional impact cause by sexual abuse." (APP.016 [R. Doc. 4 at 16]; *see also, e.g.*, APP.012 [R. Doc. 4 at 12] (describing requested psychiatric care due to the "sexual abuse events").

---

[1] References to "APP.___" are to Appellant's Appendix, and references to "ADD.___" are to Appellant's Addendum.

He prepared an internal affairs complaint about "sexual abuse and sexual harassment voyeurism." (APP.013 [R. Doc. 4 at 13].) And he filed grievances describing the "sexual harass and sexual abuse" that he experienced at the hands of Officer Paul. (APP.014 [R. Doc. 4 at 14]; *see also, e.g.*, APP.015 [R. Doc. 4 at 15] (discussing emergency grievance "asking need urgent emergency help from sexual harassment, sexual abuse misconduct"); APP.017 [R. Doc. 4 at 17] (writing about "the sexual harassment and abuse by sheriff's R. Paul").)

## B. The District Court denies Officer Paul summary judgment on the basis of qualified immunity.

In February 2019, Glover filed suit against Officer Paul, along with other defendants who worked at the Ramsey County Adult Detention Center (collectively, the "County Defendants"), proceeding *pro se*. (APP.001 [R. Doc. 4 at 1].)[2] Glover's allegations are included in a sworn complaint. (APP.027 [R. Doc. 4 at 27] (certifying allegations "under penalty of perjury").)

The County Defendants filed an initial motion for summary judgment, which the District Court denied in relevant part without prejudice. (Order Accepting Report & Recommendation at 2 [R. Doc. 57] (Feb. 22, 2022).) The

---

[2] Glover also named a state official as a defendant, but the District Court granted a Rule 12(b)(6) motion and dismissed the state defendant. (*See* Order Accepting Report & Recommendation [R. Doc. 38] (Dec. 18, 2019).)

County Defendants then filed a second motion for summary judgment, which is the motion that gives rise to this appeal. Officer Paul provided a declaration in which he denied having ever touched Glover's genitals. (Decl. of Richard Paul [R. Doc. 69] (Aug. 31, 2021) (hereinafter "Paul Decl.") ("I have never touched Plaintiff's genitals or otherwise touched him inappropriately").) Relying on the declaration, the County Defendants argued that the undisputed evidence demonstrated that Officer Paul "never touched the Plaintiff's genitals or otherwise inappropriately touched Plaintiff." (Mem. in Supp. of Mot. for Summ. J. at 17 [R. Doc. 67] (Aug. 31, 2021).) The declaration did not provide an alternative explanation for what occurred or any legitimate reason to conduct the strip search or touch Glover's penis. (*See* Paul Decl. [R. Doc. 69].)

The magistrate judge issued a Report and Recommendation, which suggested that the court grant summary judgment with respect to all claims and all County Defendants, except for the sexual assault claim asserted against Officer Paul. (ADD.015 [R. Doc. 81 at 15].) Relying on Eighth Circuit precedent, the magistrate judge concluded that Glover's description of the sexual abuse in his sworn complaint was "sufficient to refute" Officer Paul's declaration. (*Id.*) The record accordingly contained a "genuine dispute of material fact as to the propriety of Defendant Paul's alleged actions." (ADD.015–ADD.016 [R. Doc. 81 at 15–16].)

The County Defendants objected to the Report and Recommendation, albeit while pursuing an entirely new argument. Officer Paul "admit[ted] there is a fact question as to whether Paul touched Glover." (ADD.038 [R. Doc. 98 at 4].) But Officer Paul argued for the first time that, even if he had grasped Glover's genitals, the law was not clearly established that such conduct violated Glover's constitutional rights. (ADD.038 [R. Doc. 98 at 4]; *see also* Defs.' Objection to Report & Recommendation on Mot. for Summ. J. at 4–7 [R. Doc. 82] (Feb. 7, 2022).) Thus, Officer Paul argued "qualified immunity bars the suit." (ADD.038 [R. Doc. 98 at 4].)

The District Court rejected Officer Paul's argument in a thorough and well-reasoned opinion. The District Court concluded that prisoners "have a clearly established right under the Eighth Amendment to be free from sexual abuse," citing caselaw that predated the assault in this case. (ADD.039 [R. Doc. 98 at 5].) The District Court further concluded that a "jury could find that squeezing a prisoner's penis hard during a strip search is not penologically necessary" and constitutes unconstitutional and excessive force in violation of that clearly established right. (ADD.043 [R. Doc. 98 at 9].)

Officer Paul filed this interlocutory appeal from the District Court's denial of his motion for summary judgment. (Notice of Appeal [R. Doc. 100] (Aug. 3, 2022).) This Court *sua sponte* appointed counsel for Glover.

## SUMMARY OF THE ARGUMENT

Officer Paul seeks interlocutory review of the District Court's denial of his motion for summary judgment on the basis of qualified immunity. An officer is entitled to qualified immunity unless the facts, construed in the light most favorable to Glover, establish a violation of a clearly established constitutional right. A constitutional right is clearly established if its contours are sufficiently clear such that a reasonable officer would be on notice that his or her conduct violates the right. This notice may come from controlling Supreme Court or circuit authority. It alternatively may come from a robust consensus of persuasive authority. Both bases for establishing a clearly established constitutional right are present here.

First and foremost, controlling Eighth Circuit precedent establishes that Officer Paul's alleged conduct, if found by a jury, violated Glover's clearly established right to be free from excessive force. It has been settled law in the Eighth Circuit for decades that a law enforcement officer may not sexually assault an inmate or detainee. As of at least 2002, "no reasonable prison guard could possibly have believed otherwise." *Kahle v. Leonard*, 477 F.3d 544, 553 (8th Cir. 2007) (quotation omitted). Sexual assault always and necessarily amounts to unconstitutional excessive force because it is never a legitimate part of any governmental objective.

The conduct at issue in this case—tightly grabbing an unclothed genital for no reason—undoubtedly rises to the level of sexual assault. This is obvious both based on the facts alleged and also in light of Eighth Circuit precedent expanding on what constitutes sexual assault. There was no legitimate penological reason for Officer Paul to firmly squeeze Glover's genital. And, importantly, the contact occurred while Glover was unclothed and naked. This Court's controlling and published opinions put Officer Paul on notice that such conduct violated Glover's constitutional right to be free from excessive force.

Even if there were not controlling Eighth Circuit precedent, a robust consensus of persuasive appellate authority put the constitutional question beyond debate. Every circuit to address the issue has held that sexual assault of prisoners is unconstitutional. And multiple circuits have held that the touching of genitals (clothed or unclothed) for no penological reason amounts to unconstitutional sexual assault. Officer Paul attempts to avoid this persuasive precedent by arguing that the law changed after 2015, when it did not, and that there is a split in authority, when no such split exists. Simply put, the weight of authority from this Court's sister circuits is sufficient to have put Officer Paul on notice that his conduct was unlawful.

The District Court recognized that there was sufficient evidence for a jury to conclude that Officer Paul squeezed Glover's penis for no legitimate

penological purpose. The District Court also correctly recognized that, given that evidence, Officer Paul allegedly violated clearly established law protecting pretrial detainees from excessive force, including in the form of sexual assault. The District Court's order denying Officer Paul summary judgment on the basis of qualified immunity should be affirmed.

## ARGUMENT

Officer Paul appeals from the District Court's denial of his motion for summary judgment on the basis of qualified immunity. Qualified immunity shields law enforcement officers from suit unless (1) "the facts alleged or shown . . . establish a violation of a constitutional or statutory right," and (2) the "right was clearly established [as of the date of the alleged violation] such that a reasonable official would have known that his actions were unlawful." *Edwards v. Byrd*, 750 F.3d 728, 731–32 (8th Cir. 2014) (second alteration in original) (quotation omitted).

Summary judgment, including on the basis of qualified immunity, is appropriate only "if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This Court reviews "*de novo* the district court's grant of summary judgment, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Montoya v. City of Flandreau*,

669 F.3d 867, 870 (8th Cir. 2012) (internal quotation marks omitted). Glover's "verified complaint is the equivalent of an affidavit for the purpose of summary judgment." *Watson v. Jones*, 980 F.2d 1165, 1166 (8th Cir. 1992). Further, because Glover proceeded *pro se* below, his pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per cuaim)).

In an appeal from an order denying qualified immunity, this Court's review is limited to the abstract legal issue of "whether all of the conduct that the district court deemed sufficiently supported for purposes of summary judgment violated the plaintiff's clearly established federal rights." *Edwards*, 750 F.3d at 731 (quotation marks omitted). A constitutional "right is clearly established if its contours are 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Jackson v. Stair*, 944 F.3d 704, 711 (8th Cir. 2019) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). This Court generally looks for "*either* controlling authority *or* a robust consensus of cases of persuasive authority that placed the statutory or constitutional question beyond debate at the time of the alleged violation." *Id.* (emphasis added) (internal quotation marks omitted). A general constitutional rule may also apply "with obvious clarity to the specific conduct in question."

*Rokusek v. Jansen*, 899 F.3d 544, 548 (8th Cir. 2018) (quoting *Hope*, 536 U.S at 741).

The District Court's decision should be affirmed for two separate and equally sufficient reasons. First, controlling Eighth Circuit precedent establishes that Officer Paul's conduct, if found by a jury, violated Glover's clearly established constitutional rights. And second, even if there were not controlling Eighth Circuit precedent, the robust consensus of persuasive appellate authority put the constitutional question beyond debate.

**I.    Eighth Circuit precedent firmly protects pretrial detainees from sexual assault like that experienced by Glover.**

This Court has long recognized that sexual assault perpetrated by law enforcement violates constitutional guarantees under the Eighth and Fourteenth Amendments. This Court's precedents further establish that touching unclothed erogenous areas for no penological reason is unconstitutional sexual assault. This Court's controlling authority accordingly establishes that Officer Paul violated clearly established law.

**A.    It has been clearly established in the Eighth Circuit for decades that an officer cannot sexually assault a detainee.**

This case starts from a basic and non-controversial proposition—sexual assault in the carceral context is strictly prohibited and unconstitutional.

For over two decades, the Eighth Circuit has recognized that sexual assault by a state actor "can be a constitutional violation under section 1983." *Haberthur v. City of Raymore, Mo.*, 119 F.3d 720, 723 (8th Cir. 1997). Put simply, "[n]o degree of sexual assault by a police officer acting under color of law could ever be proper." *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 796 (8th Cir. 1998)[3]; *see also, e.g.*, *DeJesus v. Lewis*, 14 F.4th 1182, 1196 (11th Cir. 2021) ("In a case brought by a prisoner alleging sexual assault by a prison official, that sexual assault necessarily violates the Eighth Amendment").

Consistent with this decades-old precedent, the right to be free from sexual assault by a state actor has been clearly established since long before the alleged December 2015 assault at issue in this case. The Eighth Circuit observed nearly two decades ago that "[a]ny reasonable corrections officer would have known in January 1999 that sexually assaulting an inmate would violate the

---

[3] Both *Haberthur* and *Rogers* analyzed sexual assault as a violation of substantive due process under the Fourteenth Amendment. But neither "involved an arrest or other custodial situation." *See Fontana v. Haskin*, 262 F.3d 871, 881 n.6 (9th Cir. 2001). In the custodial context, this Court has generally analyzed sexual-assault claims for convicted prisoners under the Eighth Amendment and for pretrial detainees under the Fourteenth Amendment. *See, e.g.*, *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) (Fourteenth Amendment for pretrial detainee); *Williams v. Prudden*, 67 Fed. Appx. 976, 977 (8th Cir. 2003) (Eighth Amendment for convicted prisoner).

inmate's constitutional rights." *Williams*, 67 Fed. Appx. at 978; *see also Rogers*, 152 F.3d at 798 (opinion from 1998 discussing the "clearly established due process right to be free of physical abuse by public officials"). The Eighth Circuit reaffirmed the longstanding nature of this clearly established right in *Kahle v. Leonard*, explaining:

> In the simplest and most absolute of terms, the Eighth Amendment right of prisoners to be free from sexual abuse was unquestionably clearly established prior to [2000], and no reasonable prison guard could possibly have believed otherwise.

477 F.3d 544, 549 (8th Cir. 2007) (quoting *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 1997)).

In the carceral context, and as the District Court recognized below, sexual assault claims are best analyzed as a violation of the constitutional right to be free from excessive force. *See Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (analyzing "whether force was applied in a good faith effort to maintain or restore discipline"); (*see also* ADD.040 n.4 [R. Doc. 98 at 6 n.4 (applying excessive force standard)).[4] The Fourteenth Amendment's Due

---

[4] Other federal appellate courts similarly apply an excessive force standard. *See, e.g.*, *DeJesus*, 14 F.4th at 1195 ("Claims of sexual assault have generally been analyzed under the legal framework for excessive force claims."); *Bearchild v. Cobban*, 947 F.3d 1130, 1140 (9th Cir. 2020) ("[W]e have consistently placed prisoner sexual assault claims within the same legal

Process Clause protects pretrial detainees such as Glover from the "use of force that is objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015) [5]; *see also Kahle*, 477 F.3d at 550 ("Because Kahle was a pretrial detainee at the time of the alleged violation, her § 1983 claim is not analyzed under the Eighth Amendment, but instead under the Fourteenth Amendment's Due Process Clause."). Force is objectively unreasonable if it is "not rationally related to a legitimate governmental objective" or is "excessive in relation to that purpose." *Kingsley*, 576 U.S. at 398.

Sexual assault by its very nature is excessive force. That is because, as this Court recognized in *Berryhill v. Schriro*, "sexual or other assaults are not a legitimate part" of any governmental objective. *Berryhill*, 137 F.3d at 1076; *see*

—————————————

framework as excessive force claims."); *Ricks v. Shover*, 891 F.3d 468, 473–74 (3d Cir. 2018) ("Though the Supreme Court has not addressed sexual abuse of inmates by prison officials, courts grappling with this issue have drawn from the Supreme Court's excessive force precedents . . . .").

[5] *Kingsley* overruled earlier cases' focus on whether the defendant used force with a subjective intent to punish. *Cf., e.g.*, *Edwards*, 750 F.3d at 732.

The District Court appears to have erroneously required proof of a subjectively culpable state of mind, as is necessary in claims brought by inmates under the Eighth Amendment. (ADD.040 [R. Doc. 98 at 6] (referencing Eighth Amendment and citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).) For claims brought under the Fourteenth Amendment, however, courts consider only the objective reasonableness of the force and not the officer's subjective state of mind. *Kingsley*, 576 U.S. at 396–97.

*also Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) ("[S]exual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose . . . ."). *Berryhill* involved an Eighth Amendment claim brought by a convicted inmate, but it is nonetheless instructive for Glover's Fourteenth Amendment claim. The Fourteenth Amendment's "Due Process Clause affords pretrial detainees *at least* as much protection as the Eighth Amendment provides to convicted prisoners." *Edwards*, 750 F.3d at 732 & n.2 (emphasis added). In fact, recent Supreme Court caselaw clarifies that the Fourteenth Amendment affords pretrial detainees *more* protection, because "pretrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically.'" *Kingsley*, 576 U.S. at 400.

Sexual assault of a detainee by a correctional officer serves no legitimate governmental objective. This is the law today, and it has been the law in this Circuit for decades. Every reasonable officer is "on notice" that sexual assault "is unlawful." *See Hope*, 536 U.S. at 739 (quotation omitted). And the violation of the constitutional right to be free from sexual assault "is obvious" on the facts alleged here—where Officer Paul tightly grabbed Glover's unclothed penis, squeezed hard, and made a gesture without any reason for doing so. *Id.* at 738; *see also, e.g.*, *Bell v. Neukirch*, 979 F.3d 594, 608 (8th Cir. 2020) (reversing summary judgment on the basis of qualified immunity because "[i]t is an

obvious case of insufficient probable cause"). As the District Court aptly put it, there is "no way that squeezing an inmate's penis hard is a proper part of a search." (ADD.043 [R. Doc. 98 at 9].) For this reason alone, the District Court correctly denied Officer Paul's request for qualified immunity.

**B.    Eighth Circuit precedent establishes that touching an unclothed erogenous area constitutes sexual assault.**

Even if this were not an obvious case of sexual assault, controlling Eighth Circuit precedent further supports the conclusion that the particular conduct at issue here was unlawful. *See White v. Pauly*, 137 S. Ct. 548, 552 (2017) (considering whether the clearly established law is "'particularized' to the facts of the case"). A law may be clearly established based on "existing circuit precedent that involves sufficiently similar facts." *Bus. Leaders In Christ v. Univ. of Iowa*, 991 F.3d 969, 980 (8th Cir. 2021). And in this case, robust Eighth Circuit precedent with similar facts put any reasonable officer on notice that touching an unclothed genital for no reason is unlawful.

In a verified, sworn complaint, Glover asserts that Officer Paul made Glover strip naked, then "took his hand and grasp [Glover's] penis," squeezing it "hard," and made "gestures." (APP.007 [R. Doc. 4 at 7].) Officer Paul denies that this assault occurred. But Glover's "verified complaint is the equivalent of an affidavit for the purpose of summary judgment," and creates a fact question

as to whether the assault occurred. *Watson*, 980 F.2d at 1166 (reversing and remanding for further proceedings where verified complaint differed from officer affidavit).

Officer Paul's conduct is similar to that of officers in other cases in which this Court has held that a sexual assault violated a plaintiff's constitutional rights. What Glover has recounted was not an accidental touch of a covered body part—it was an intentional and hard grasping of Glover's unclothed genitals. *Haberthur* provides an important example. In that case, the plaintiff alleged that an officer "reached his hand underneath her shirt and fondled a private erogenous area . . . while making sexually suggestive marks." 119 F.3d at 724. The Eighth Circuit reversed the district court's dismissal of the plaintiff's § 1983 claim, reasoning that an individual's "right to bodily integrity . . . may be violated by sexual fondling and touching or other egregious sexual contact." *Id.* at 723–24. Similarly in *Williams v. Prudden*, this Court concluded that a plaintiff stated a constitutional claim when an officer "rubbed his pelvis" against the plaintiff on one occasion, and "grabbed [her] breast" and "attempted to force himself" on her on a different occasion. 67 Fed. Appx. at 977; *see also, e.g.*, *Berry v. Oswalt*, 143 F.3d 1127, 1133 (8th Cir. 1998) (affirming jury verdict for plaintiff where defendant engaged in repeated "nonroutine patdowns"); *Seltzer-Bey v. Delo*, 66 F.3d 961, 962 (8th Cir. 1995) (two strip searches during

which officer rubbed detainee's "buttocks with a nightstick and asked him whether it reminded him of something").

As in *Haberthur* and *Williams*, Officer Paul touched a private erogenous area. As in *Haberthur* and *Seltzer-Bey*, Glover's private area was unclothed at the time of the unwanted touching. In *Haberthur* the officer had admittedly engaged in other wrongful conduct, including driving slowly by the plaintiff's house. But this Court's opinion emphasized the constitutional injury that flows from "sexual *fondling* and *touching* or other egregious sexual *contact*." 119 F.3d at 723 (emphasis added). The constitutional import of the act of "reaching under a woman's clothing and fondling her breasts" is precisely what this Court has emphasized in later decisions. *See Hawkins v. Holloway*, 316 F.3d 777, 784 (8th Cir. 2003) (differentiating groping unclothed breasts from "junior high locker room style male horseplay" at issue).[6] If anything, the conduct at issue here is *more* severe than that in *Haburthur*, *Williams*, *Berry*, and *Seltzer-Bey*

---

[6] It is not clear whether *Hawkins* would be decided similarly today, although the answer to that question is not determinative to the outcome of this appeal. In the twenty years since *Hawkins*, "standards of decency with regard to sexual abuse in prisons have evolved." *Crawford v. Cuomo*, 796 F.3d 252, 259 (2d Cir. 2015). What was once considered locker room style male horseplay may now "offend[] our most basic principles of just punishment." *Id.* at 260.

because the non-consensual touching was of Glover's genitals, the most private, intimate, and sensitive part of a person's body.

The alleged conduct is also far more assaultive and invasive than that in other Eighth Circuit cases in which this Court has declined to find a constitutional violation for alleged sexual assault, including the cases cited by Officer Paul. The *only* Eighth Circuit case cited by Officer Paul in support of his primary argument that brief sexual touching does not violate the constitution is *Berryhill v. Schriro*, 137 F.3d 1073 (8th Cir. 1998); (Appellant Br. at 11–20). But *Berryhill* actually supports Glover, since the Eighth Circuit reaffirmed that "sexual or other assaults are not a legitimate part of a prisoner's punishment." 137 F.3d at 1076. This Court merely concluded that the "circumstances of [that particular] case simply cannot be construed as a sexual assault." *Id.*

The facts in *Berryhill* are a far cry from those at issue in this case. In *Berryhill*, two officers each briefly touched the plaintiff's buttocks. 137 F.3d 1075. There is no suggestion that the plaintiff was naked. There was no "undue force." *Id.* at 1076. The plaintiff did not even believe that he was being sexually assaulted; he thought that the officers had "intended to embarrass him." *Id.* at 1075. And finally, the plaintiff did not seek "medical attention for any psychological or emotional difficulty" after the incident. *Id.* at 1076. Here, by contrast, Officer Paul allegedly touched Glover's unclothed

genital area. Officer Paul applied undue force, by squeezing Glover's penis hard. Glover was clear from the very beginning that he "feared sexual abuse during the incident." *See id.* And, unlike the plaintiff in *Berryhill*, Glover did seek medical attention, including psychiatric care.

It is not only *Berryhill* that is readily distinguishable from the facts alleged by Glover. This Court's rationale in other cases in which it has declined to find a constitutional violation likewise put any reasonable officer on notice that the unnecessary and non-consensual touching of a genital area is unconstitutional. For example, in *Howard v. Everett*, this Court declined to find a constitutional deprivation when the officers "never touched" the plaintiff. 208 F.3d 218 (Table), 2000 WL 268493, at *1 (8th Cir. Mar. 10, 2000) (per curiam). The Court concluded that the absence of "contact or touching" defeated the claim. *Id.* (emphasis added). In another case, the court focused on the fact that the plaintiffs were wearing clothing over the touched erogenous zone. *Hawkins*, 316 F.3d at 784. In stark contrast to those cases, Officer Paul grabbed Glover's genitals, which were unclothed, and he did so "hard." (APP.007 [R. Doc. 4 at 7].)

Officer Paul does not meaningfully grapple with this body of caselaw. Other than *Berryhill*, all his cited cases from within this Circuit are district court opinions, primarily unpublished. It should go without saying that these unpublished district court opinions are not "controlling authority" in *any*

jurisdiction. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741–42 (2011); *see also Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (quotation omitted)). And in any event, those district court opinions are readily distinguishable in that they, like *Berryhill*, involving touching over clothing and often of the buttocks. *See, e.g.*, *Tarpley v. Stepps*, No. 405-CV-573, 2007 WL 844826, at \*5–6 (E.D. Mo. Mar. 19, 2007) (noting that pat-down was conducted for "legitimate institutional security reasons" and "minimally intrusive"); *Alexander v. Steele County Jail*, No. 13-CV-796, 2014 WL 4384452, at \*1 (D. Minn. Sept. 4, 2014) (noting that unwelcome touch of genitals occurred during a pat-down search); (*see also* Appellant Br. at 11–17 (collecting district court decisions)).

Officer Paul also argues that the "denial of qualified immunity is in error where the district court fails to identify a case where an officer acting under similar circumstances" violated the constitution. (Appellant Br. at 21.) But that is simply not the law. Glover does not need to marshal a case in which an officer squeezed another detainee's unclothed penis. It is not necessary that "the very action in question has previously been held unlawful" so long as the unlawfulness is "apparent" in light of pre-existing law. *Turner v. Ark. Ins. Dep't*,

297 F.3d 751, 755 (8th Cir. 2002) (quotation omitted). Here, given *Haberthur* and its progeny, as well as this Court's analysis in *Berryhill*, the unlawfulness of Officer Paul's sexual assault of Glover by squeezing Glover's unclothed genital in a hard manner and gesturing is apparent.

Eighth Circuit precedent clearly established long before December 2015 that squeezing an unclothed penis violates a detainee's Fourteenth Amendment rights. Because there is "controlling authority" from this Circuit that clearly established the constitutional right, that is the end of the qualified-immunity inquiry. *Turner*, 297 F.3d at 759 (explaining that court first looks "within our own circuit," turning to other out-of-circuit authority "where there is no law on point"). For this reason, the District Court correctly concluded that Officer Paul was not entitled to summary judgment on the basis of qualified immunity.

## II.  Out-of-circuit authority similarly supports the District Court's denial of Officer Paul's request for qualified immunity.

Even if controlling Eighth Circuit precedent did not resolve the qualified-immunity question, the caselaw of this Court's sister circuits does. This Court's sister circuits have consistently recognized that an officer may not sexually assault an inmate or detainee, included by gratuitously touching a genital area. In analyzing this body of persuasive caselaw, the District Court did not rely on post-2015 changes to the law, as Officer Paul asserts. Nor was there any circuit

split on this issue at the time of the December 2015 assault. The out-of-circuit authority provides yet another reason to affirm the District Court.

### A. There is a robust consensus of persuasive authority that uninvited and unnecessary touching of a genital area constitutes unconstitutional sexual assault.

This Court frequently denies qualified immunity when the "decisions from other jurisdictions confirm that [the legal] principle was clearly established." *Cole v. Hutchins*, 959 F.3d 1127, 1134–35 (8th Cir. 2020); *see also, e.g.*, *Davis v. Dawson*, 33 F.4th 993, 999–1000 (8th Cir. 2022) (analyzing "robust" consensus of published appellate decisions); *Chestnut v. Wallace*, 947 F.3d 1085, 1090 (8th Cir. 2020) ("Every circuit court to have considered the question has held . . . ."). The Court should apply that same principle here, because there is a "robust consensus" of persuasive authority from sister circuits that the gratuitous touching of unclothed genitals is unconstitutional. *Business Leaders in Christ*, 991 F.3d at 980, 984–85.

Two Second Circuit opinions issued nearly two decades apart are particularly probative. These cases are *Boddie v. Schneider*, 105 F.3d 857 (2d Cir. 1997), and *Crawford v. Cuomo*, 796 F.3d 252 (2d Cir. 2015). In *Boddie*, an inmate alleged that, among other intrusive acts, an officer "squeezed his hand, touched his penis, and said, '[Y]ou know your [sic] sexy black devil, I like you.'" 105 F.3d at 859–60. The Second Circuit recognized that "sexual abuse of

a prisoner by a corrections officer has no legitimate penological purpose" and may violate the constitution. *Id.* at 860–61. But the court nonetheless affirmed the dismissal of the plaintiff's claims, because the alleged sexual abuse "was not serious enough to constitute cruel and unusual punishment" in violation of the Eighth Amendment. *Id.* at 862.

Nearly two decades later, on August 11, 2015, the Second Circuit revisited and expanded its understanding of the constitutional violation at issue in *Boddie*. *See Crawford*, 796 F.3d at 254. The court reaffirmed *Boddie*'s holding that "a single incident of sexual abuse may violate the Eighth Amendment." *Id.* at 256. But the court then expanded its conception of unconstitutional sexual abuse, holding that

> a corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or to humiliate the inmate, violates the Eighth Amendment.

*Id.* at 257. In *Crawford*, an officer ordered one inmate to stand against the wall and then paused to "fondle and squeeze" the inmate's penis. *Id.* at 255. The officer grabbed and held a different inmate's penis on a separate occasion. *Id.* Both non-consensual contacts occurred over clothing. *Id.* at 258. The district court had dismissed the plaintiffs' Eighth Amendment claims, reasoning that under *Boddie*, "isolated instances during which [the officer] fondled [the

plaintiffs'] genitalia did not rise to the level of a constitutional violation." *Id.* at 257. The Second Circuit reversed, holding that "no amount of gratuitous or sexually-motivated fondling of an inmate's genitals—even if limited in duration or conducted through the inmate's clothes . . .—is permitted by the Constitution." *Id.* at 258. Under that standard, "the officer's conduct in *Boddie* would flunk its own test today." *Id.* at 260.

The Second Circuit *Crawford* opinion was aminated in large part by changing norms around sexual abuse in prisons. The court recognized that "sexual abuse of prisoners, once passively accepted by society, deeply offends today's standards of decency." *Crawford*, 796 F.3d at 254; *see also id.* at 256 ("[I]n the nearly two decades since *Boddie* was decided, societal standards of decency regarding sexual abuse and its harmful consequences have evolved."). The Second Circuit noted that in 1997, when *Boddie* was decided, 18 states criminalized corrections officers' sexual contact with inmates. *Id.* at 259. By August 2015, however, "all but two states criminalize[d] sexual contact between inmates and corrections officers." *Id.* at 259 (footnote omitted). The court also discussed Congress's unanimous enactment in 2003 of the Prison Rape Elimination Act ("PREA"), 34 U.S.C. § 30301 *et seq.*, "the first federal law

to address the sexual abuse of prisoners." *Id.* at 260.[7] These changes to the law "reflect the deep moral indignation that has replaced what had been society's passive acceptance of the problem of sexual abuse in prison." *Id.* These changes to the law "make it clear that the sexual abuse of prisoners, once overlooked as a distasteful blight on the prison system, offends our most basic principles of just punishment. *Id.*

Relying in large part on the Second Circuit's decision in *Crawford*, the Tenth Circuit has held that sexual abuse similar to that alleged here "violates the Eighth Amendment." *Ullery v. Bradley*, 949 F.3d 1282, 1294 (10th Cir. 2020). In *Ullery*, a correctional officer sexually assaulted an inmate by non-consensually: (1) pressing his genitals into the plaintiff's buttocks while moaning in her ear; (2) touching the plaintiff's breasts; and (3) forcibly grabbing and fondling the plaintiff's crotch. *Id.* at 1300. The Tenth Circuit held that "any *one* of these three alleged uses of force, even when viewed in isolation, deeply offends contemporary standards of decency and therefore violates the

---

[7] PREA's implementing regulations define sexual abuse to include, as relevant to this case, the non-consensual and "intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or the buttocks of another person." 28 C.F.R. § 115.6.

Eighth Amendment." *Id.* at 1291.[8] The court concluded that the "clearly established weight of persuasive authority in [its] sister circuits as of August 11, 2015"—months before the assault in this case and as of the date *Crawford* was decided—"would have put any reasonable corrections officer in [the defendant's] position on notice his alleged conduct would violate the Eighth Amendment." *Id.*

The decisions from the Second and Tenth Circuits are "entirely consistent with a steady drumbeat of recent case law from [the] sister circuits." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020); *see also, e.g.*, *id* ("[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner."); *DeJesus v. Lewis*, 14 F.4th 1182, 1198 (11th Cir. 2021) (concluding that unconstitutional

---

[8] In attempting to distinguish *Ullery*, Officer Paul focuses on the fact that *"Ullery* involved repeated incidents of overtly sexual conduct." (Appellant Br. at 22.) Office Paul ignores that the Tenth Circuit emphasized not once but twice that "any *one* of the[] three uses of force on its own" violated the plaintiff's constitutional rights, even when "viewed in isolation." 949 F.3d at 1300 (emphasis added); *see also id.* at 1291.

sexual assault includes, at a minimum, "intentional sexualized touching underneath clothing"); *Wood v. Beauclair*, 692 F.3d 1041, 1049–1051 (9th Cir. 2012) (concluding that allegation that officer reached hand into shorts and "stroked" an inmate's penis was sufficient to state an Eighth Amendment claim); *Washington v. Hively*, 695 F.3d 641, 644 (7th Cir. 2012) (reversing dismissal of § 1983 claim because fondling of penis and testicles during pat down and search would not "be thought a proper incident of a pat down or search").

Officer Paul tries to distinguish *Crawford*, *Washington*, and other out-of-circuit cases. But his primary basis for distinguishing these cases turns on a quintessential fact question—whether Officer Paul intended to embarrass Glover or sexually gratify himself during the alleged assault. (*See* Appellant Br. at 27–28.) Viewing the evidence in the light most favorable to Glover and drawing reasonable inferences in his favor, a jury could conclude that the answer to that fact question is yes. *Montoya*, 669 F.3d at 871. The District Court reasonably concluded that a "jury could find that squeezing a prisoner's penis hard during a strip search is not penologically necessary." (ADD.043 [R. Doc. 98 at 9].) And not only did Officer Paul tightly squeeze Glover's penis, but he also made a gesture. (APP.007 [R. Doc. 4 at 7].) Officer Paul does not offer any competing version of events, nor does he provide any alternative explanation

for the gesture, which could reasonably be intended to, at a minimum, embarrass Glover. (*See id*; Paul Decl. [R. Doc. 69].) Further, the District Court's conclusion that there is sufficient evidence that Officer Paul acted without any penological purpose is a question of evidence sufficiency and not reviewable on this interlocutory appeal. *Edwards*, 750 F.3d at 731. Officer Paul's factual arguments are not only misplaced, but also beyond the scope of this appeal.

The robust consensus of published and persuasive opinions from other federal appellate courts put Officer Paul on notice at the time of the assault that his conduct was unlawful. Officer Paul has not argued that he grabbed Glover's penis hard and gestured for a legitimate penological reason, nor could he. Rather, his defense is simply that "his conduct has been misdescribed." *Washington*, 695 F.3d at 644. The laws of this Court's sister circuits establish that, if found by the jury, such gratuitous and non-consensual touching of Glover's genitals amounts to unconstitutional sexual assault. If anything, the facts in this case are more egregious than in *Crawford* and *Washington* because Glover was naked at the time of the assault. For this reason, as well, the District Court correctly concluded that clearly established law prohibited Officer Paul's conduct.

**B.    The district court did not err by relying on out-of-circuit authority that post-dated the assault.**

In his attempt to avoid the body of persuasive authority from the sister circuits, Officer Paul faults the District Court for discussing cases that post-date the alleged December 30, 2015 assault. Glover agrees as a general matter that qualified immunity should be assessed based on the state of the law "at the time of the challenged conduct." *al-Kidd*, 563 U.S. at 735. Here, however, the District Court did not hold Officer Paul to some standard that *changed* after December 30, 2015. The law was well settled before the assault, as demonstrated by the cases cited by the District Court that both pre-date and post-date December 30, 2015.

Officer Paul conveniently overlooks the persuasive out-of-circuit authority cited by the District Court that pre-dates the assault. This includes the Seventh Circuit's decision in *Washington v. Hively*, 695 F.3d 641 (7th Cir. 2012), and the Second Circuit's decision in *Crawford v. Cuomo*, 796 F.3d 252 (2d Cir. 2015). Officer Paul's argument that the District Court "relied primarily" on post-December 30, 2015 authority is a significant overstatement. (Appellant Br. at 21.)

But equally importantly, the cases cited by the District Court that post-date the assault did not change the law. For example, Officer Paul takes issue

with the District Court's citation of the Tenth Circuit's decision in *Ullery v. Bradley*, "because the alleged conduct in this case occurred in 2015, and *Ullery* was not decided until 2020." (Appellant Br. at 22–23.). But as noted by the District Court, *Ullery* stands for the legal proposition that the law was clearly settled *by* August 11, 2015—before the alleged assault—that conduct similar to Officer Paul's is unconstitutional. (ADD.039 [R. Doc. 98 at 5]); *see also Ullery*, 949 F.3d at 1301. The cases that the District Court cited out of the Third, Ninth, and Eleventh Circuits similarly did not reflect any change to the law. Quite the opposite, both the Third and Ninth Circuits' opinions concluded that a district court had inaccurately conveyed the then-existing law in its jury instructions. *See DeJesus*, 14 F.4th at 1200–01 (observing that the "jury was never told that, due to the inherent nature of a sexual assault, proving an Eighth Amendment violation does not require an additional finding about the extent of physical force used"); *Bearchild*, 947 F.3d at 1145 ("With this definition in mind, and set against the backdrop established by *Hudson* [*v. McMillian*, 503 U.S. 1 (1992)], *Wood* [*v. Beauclair*, 692 F.3d 1041 (9th Cir. 2012)], and *Schwenk* [*v. Hartford*, 204 F.3d 1187 (9th Cir. 2000)], we conclude that Instruction No. 12 misstated the elements necessary to establish liability for an Eighth Amendment violation arising from sexual assault."). And although the Third Circuit in *Ricks v. Shover* was deciding an issue of first impression, it simply "join[ed] numerous sister

Circuits in holdings that prison sexual abuse can violate the Constitution." 891 F.3d 468, 473 (3d Cir. 2018).

In sum, although the District Court discussed some cases that post-dated the assault, it was not error to do so because the decisions did not reflect any change to the law. Under Officer Paul's reasoning, no court could even cite a decision that post-dates the challenged conduct. Courts should not be and are not required to needlessly constrain their analysis without any doctrinal reason to do so. Because the District Court's analysis did not turn on decisions reflecting a change in the law that post-dated December 30, 2015, Officer Paul is incorrect that the District Court's citation of post-2015 caselaw warrants reversal.

### C. Courts are not divided over whether grabbing an unclothed genital for no penological reason is sexual assault.

Officer Paul also attempts to manufacture some sort of split in authority in his effort to obtain a reversal. Whether there is a "split among the Federal Circuits"—in the absence of controlling circuit authority—can be relevant to whether a right is clearly established. *Wilson v. Layne*, 526 U.S. 603, 618 (1999). Here, however, there was no split among the federal appellate courts at the time of Glover's alleged assault as to whether touching an unclothed genital area for no penological reason comported with the constitution.

Officer Paul cites a single published opinion from a sister circuit in support of his argument that the courts are divided on the constitutionality of his challenged conduct. That single case is the Second Circuit's decision in *Boddie v. Schneider*. (Appellant Br. at 31–33.) Officer Paul ignores that the Second Circuit effectively overruled *Boddie* in the summer of 2015 in its *Crawford* decision. *See supra* Section II.A. *Crawford* clarified that—due in part of evolving community standards around sexual assault in prison—intentional contact with an inmate's genitalia or other intimate area for no penological purpose violates the constitution. *Crawford*, 796 F.3d at 254. Applying that standard, "the officer's conduct in *Boddie* would flunk its own test today." *Id.* at 260. Officer Paul cannot rely on *Boddie* to manufacture a circuit split when the Second Circuit had effectively overruled *Boddie* before the assault at issue in this case.

The other cases that Officer Paul cites in support of the so-called split in authority are unpublished,[9] rely on *Boddie* in the years before *Crawford*,[10] and/or are materially distinguishable. For example, in nearly every cited appellate case the inmate or detainee appears to have been touched through clothing, a distinction that this Court has said makes a difference. *See, e.g.*, *Green*, 1993 WL 432641, at *1 ("The pat down search was conducted while [the plaintiff] was *fully clothed* and did not involve unusual force . . . ." (emphasis added)); *Obiegbu*, 581 Fed. Appx. at 121 ("Obiegbu challenged a single pat-down frisk in which a correctional officer grabbed Obiegbu's genitals *through his clothing* two times" (emphasis added))[11]; *see also Hawkins*, 316 F.3d at 784.

---

[9] *See, e.g.*, *Tuttle v. Carrol Cnty. Det. Ctr.*, 500 Fed. Appx. 480 (6th Cir. 2012) (per curiam); *Rhoten v. Werholtz*, 243 Fed. Appx. 364 (10th Cir. 2007) (Order and Judgment); *Green v. Elias*, 9 F.3d 1551 (Table), 1993 WL 432641 (9th Cir. Oct. 26, 1993) (per curiam) (Memorandum); *Dewalt v. Brauner*, No. 19-CV-46, 2020 WL 1888796 (E.D. Mo. Apr. 16, 2020); *Alexander v. Steele Cnty. Jail*, No. 13-CV-796, 2014 WL 4384452 (D. Minn. Sept. 14, 2014).

[10] *Obiegbu v. Werlinger*, 581 Fed. Appx. 119, 121 (3d Cir. 2014) (per curiam); *Solomon v. Mich. Dept. of Corrs.*, 478 Fed. Appx. 318, 320–21 (6th Cir. 2012) (per curiam); *Copeland v. Nunan*, 250 F.3d 743 (Table), 2001 WL 274738, at *3 (5th Cir. Feb. 21, 2001) (per curiam); *Joseph v. U.S. Fed. Bureau of Prisons*, 232 F.3d 901 (Table), 2000 WL 1532783, at *2 (10th Cir. Oct. 16, 2000) (Order and Judgment).

[11] *See also, e.g.*, *Tuttle*, 500 Fed. Appx. at 482 (analyzing pat-down search incident to booking process); *Rhoten*, 243 Fed. Appx. at 365 (discussing pat-down search).

In the two cited cases in which there was touching of an unclothed genital, there was a legitimate penological reason to be touching the genital area. *Solomon*, 478 Fed. Appx. at 320 (ensuring plaintiff "was not stealing anything from the kitchen" as part of usual post-work-detail protocol); *Copeland*, 2001 WL 274738, at *3 (noting that plaintiff had "consented to a testicular examination by a clinical pharmacist in response to his own complaints about pain in his testicles"). And notably, most of these cases concerned claims brought by prisoners under the Eighth Amendment, where a more onerous standard applies to excessive force claims than those brought under the Fourteenth Amendment by pretrial detainees such as Glover.

In sum, Officer Paul has not identified a single, published circuit court opinion holding that the gratuitous squeezing of an unclothed genital was constitutional as of December 2015. He is simply wrong that "a significant number of federal courts hold that conduct similar to, or even more egregious than the conduct at issue in this case is not a violation of a detainee's civil rights." (Appellant Br. at 33.)

## CONCLUSION

It is well settled in both this Circuit and others that grabbing an unclothed genital without any penological reason violates the constitutional right to be

free from excessive force. The District Court's conclusion that Officer Paul's conduct violated clearly established law should be affirmed.

Respectfully submitted,

Dated: November 7, 2022 **FORSGREN FISHER McCALMONT DEMAREA TYSVER LLP**

 s/ Caitlinrose Fisher
Virginia R. McCalmont, Reg. No. 0399496
Caitlinrose H. Fisher, Reg. No. 0395358
225 S. Sixth Street, Suite 1750
Minneapolis, MN  55402
vmccalmont@forsgrenfisher.com
cfisher@forsgrenfisher.com
(612) 474-3300

*Attorneys for Appellee*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned certifies that this document complies with the type-volume requirements of Fed. R. App. P. 32(a)(7). This brief was prepared using Microsoft Word in Office 365, which reports that the brief contains 8,153 words, excluding items listed in Fed. R. App. P. 32(f). This document also complies with the typeface and the type-style requirements of Fed. R. App. P. 32(a), because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in Cambria 14-point font.

The brief and addendum have been scanned for viruses and are virus free. *See* 8th Cir. Local Rule 28A(h)(2).

 s/ Caitlinrose Fisher

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                  s/ Caitlinrose Fisher